IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: : CASE NO. 12-06346(ESL)

MICHAEL JOSEPH SCARFIA : CHAPTER 11

Debtor :

OPINION AND ORDER

This case is before the court upon the motion filed by the Federal Deposit Insurance Corporation, as receiver for Westernbank Puerto Rico ("FDIC-R"), for an order pursuant to 28 U.S.C. § 1408 and 1412, 11 U.S.C. § 105(a), and Fed. R. Bankr. P. 1014, to dismiss or transfer venue of this chapter 11 proceeding to the U. S. Bankruptcy Court for the Middle District of Florida, Tampa Division (dkt. #12). The debtor has filed an opposition (dkt. # 26), to which the FDIC-R has replied (dkt. # 32). For the reasons stated below, the motion to transfer the case to the U. S. Bankruptcy Court for the Middle District of Florida, Tampa Division, is hereby granted.

Background

On August 12, 2012, the debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the U. S. Bankruptcy Court for the District of Puerto Rico. The petition discloses that the debtor is a resident and is domiciled in Clearwater, Florida, and that his principal place of business is "Outside Home State." Schedule A (Real Property) lists a condominium in Clearwater, Florida, with a current value of $83,550. Schedule I (Current Income of Individual Debtor) discloses that the debtor has been employed by Gibraltar Group, Inc. for 20 years and is the president of Gibraltar Group, Inc. The address of his employer is 1079 Cephas Drive, Clearwater, Florida.

The summary of schedules filed on August 27, 2012 shows that the debtor has total assets of $108,932 and total liabilities of $135,029,020. Schedule F lists unsecured creditors in the amount of $135,020,020, all of which are on account of personal guarantees. Schedule H lists the following as codebtors: JM Ponce III, LP,SE; MJS Las Croabas Properties, Inc.; Museum Towers, LP; Sabana del Palmar, Inc.; Yasscar Development Corp.; Gulfcoast Irrevocable Trust XIX; Gulfcoast Irrevocable

Trust XIV; Gulfcoast Irrevocable Trust VII; Gulfcoast Irrevocable Trust IV; Gulfcoast Irrevocable Trust XI; Gulfcoast Irrevocable Trust XIII; Gulfcoast Irrevocable Trust; Gulfcoast Irrevocable Trust XV; Gulfcoast Irrevocable Trust XXVIII; Gulfcoast Irrevocable Trust XVI; Gibraltar Development Corp.; FB Boswell, Inc.; Isla Completa, Corp.; Puerto del Este, Inc.; SFN Arecibo LP, SE; Yasscar Caguas Development Corp. And SF Ponce II LLC.  All of the above listed codebtors have the same address, that is, 1079 Cephas Drive, Clearwater, Florida.

Position of the Parties

The FDIC-R alleges that the debtor resides in Clearwater, Florida; that it holds approximately 90% of all listed claims; that the FDIC is the receiver for Westernbank, which granted loans to entities controlled by the debtor, including approximately $100,000,000 in default; that the debtor personally guaranteed these loans; that the majority of assets are located in Clearwater; that the business records are located in Clearwater, Florida; that debtor's main counsel practices in Tampa, Florida; and that the debtor's principal place of business is where his home is. As a result of these facts, the appropriate forum is the Middle District of Florida.

The debtor alleges that the District of Puerto Rico is the proper venue because the FDIC has sued Mr. Scarfia as guarantor of loans made to corporations engaged as developers in the District of Puerto Rico; and that the loans which he guarantees were executed in Puerto Rico.

Venue and Change of Venue

Venue of cases filed under the Bankruptcy Code is governed by 28 U.S.C. §1408 which provides that:

> Except as provided in Section 1410 of this title, a case under title 11 may be commenced in the district court for the district — (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one hundred and eighty day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

Venue relates to the place where a bankruptcy case may be filed.  Section 1408 provides that

it is proper to file a bankruptcy case on any of the four grounds specified in section 1408: domicile, residence, principal place of business or principal assets. In addition, a bankruptcy case may be commenced in a district where an affiliate has a bankruptcy case pending. In this case the debtor's residence, domicile and principal assets are all in Clearwater, Florida.

The FDIC-R contends that the Debtor's principal place of business is in Clearwater, Florida as there is where the debtor resides and where most decisions are made. The Debtor takes the position that the principal place of business is in Puerto Rico as that is where his affiliates operate. "Courts differ on how to determine the debtor's principal place of business. Many courts have held that the principal place of business is determined by using the 'major business decisions' test and not the 'operational' test. The former focuses on the place where the major decisions affecting the debtor's business are made, and the latter focuses on where the debtor's day-to-day business is conducted." [Citations omitted] Hon. Nancy C. Dreher and Hon. Joan Feeney, Bankruptcy Law Manual §2:35 (5th ed. 2012). As disclosed by the debtor in his schedules, it appears that: the debtor lives in Clearwater, Florida and all the entities listed as codebtors to the loans he has individually guaranteed are in Clearwater, Florida. Consequently, the logical inference is that the decisions are made in Clearwater, Florida. Therefore, Clearwater, Florida is his principal place of business.

The fact that there may be entities in Puerto Rico that received loans guaranteed by Mr. Scarfia and that some may be in bankruptcy does not translate in proper venue for Mr. Scarfia. "The filing of a petition by a parent does not have the effect of filing a petition for bankruptcy on behalf of subsidiary corporations.[] Each corporate entity is separate for bankruptcy purposes." [Citations omitted] Hon. Nancy C. Dreher and Hon. Joan Feeney, Bankruptcy Law Manual §3.4 (5th ed. 2012).

The venue provisions of section 1408 are tempered by 28 U.S.C. § 1412, which provides that: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Fed. R. Bankr. P. 1014(a)(1) implements section 1412. The transfer provisions become effective when the petition is filed in the proper venue.

Because we have determined that the petition was filed in the improper venue, the relevant

3

statutory provision is 28 U.S.C. §1406(a) which provides that: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406 is implemented by Fed. R. Bankr. P. 1014(a)(2). Section 1406(a), in conjunction with Fed. R. Bankr. P. 1014(a)(2), allow for either dismissal or transfer. Hon. Nancy C. Dreher and Hon. Joan Feeney, Bankruptcy Law Manual §2:37 (5th ed. 2012).

After considering the totality of the circumstances, including debtor's residence, domicile, location of his scheduled assets, scheduled source of his income, and disclosed location of his employer, the court concludes that the District of Puerto Rico is not the proper venue. Furthermore, his asset to liabilities ratio ($108,932/$135,029,020, that is, .08%) moves the court to conclude that dismissal is the appropriate remedy.

Conclusion

In view of the foregoing, the court hereby grants the motion filed by the FDIC-R and dismisses the petition pursuant to 11 U.S.C. § 1406(a) and Fed. R. Bankr. P. 1014(a)(2).

SO ORDERED.

In San Juan, Puerto Rico, this 30th day of November, 2012.

Enrique S. Lamoutte
United States Bankruptcy Court